**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| WALID IHMOUD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-1414-SEB-VSS |
| ) | |
| ROBERT ERWIN, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Amended Complaint and Dismissing Action**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.  The plaintiff Ihmoud has submitted an amended complaint as directed in paragraph 2 of the Entry issued on September 29, 2006.  As was the case with the initial complaint, the amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999).

2.  The amended complaint fails to state a claim upon which relief can be granted and must be **dismissed.**  This conclusion is reached because the plaintiff alleges that the defendant prison staff violated various criminal statutes in connection with their efforts to implement provisions of the Inmate Financial Responsibility Program.  However, the criminal statutes invoked by the plaintiff do not provide a private cause of action for civil liability. *Federal Sav. & Loan Ins. Corp. v. Reeves,* 816 F.2d 130, 137-38 (4th Cir. 1987) (no private action for violations of 18 U.S.C. §§ 657, 1001, 1006, 1008, 1014); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form the basis of a civil suit). The court does not impute any theories or claims not made by the plaintiff in the amended complaint. See *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) ("[P]ro se litigants are masters of their own complaints and may choose who to sue--or not to sue. . . . District judges have no obligation to act as counsel or paralegal to pro se litigants.").

        3.     Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D.Ind. 2004). For the reasons explained above, that is the case here. Accordingly, this action must be dismissed pursuant to § 1915A(b), and judgment consistent with this Entry shall now issue.

        **IT IS SO ORDERED**.

Date: 11/03/2006

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana